# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-CR-0022-001-JHP |
| JAMES ALLEN BEAR, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Court's *sua sponte* motion to modify the judgment (Dkt. # 102) by reducing the terms of supervised release imposed.

In March 2004 defendant was convicted of Counts Two and Three of the Indictment, charging the offenses of Second Degree Burglary in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153 & 2 and Oklahoma Statute 1435 & 1436(2). In September 2004 defendant was sentenced to concurrent 37-month terms in the custody of the Bureau of Prisons, to be followed by concurrent three-year terms of supervised release. In August 2007 defendant's terms of supervised release were revoked and he was sentenced to an imprisonment term of 6 months as to Count Two and 5 months as to Count Three and a term of supervised release of 30 months as to Count Two and 31 months as to Count Three (Dkt. # 65). In November 2008 defendant's terms of supervised release was again revoked, resulting in an 11-month sentence of imprisonment as to each count, to be followed by a 25-month term of supervised release as to each count (Dkt. # 87). In February 2010 defendant's terms of supervised release were revoked yet again, resulting in a sentence of 11 months imprisonment as to each count, to be followed by a 25-month term of supervised release as to each count (Dkt. # 102). In imposing the revocation sentences and reimposing the terms of

supervised release, the Court was guided by 18 U.S.C. § 3583(e) as amended by the PROTECT Act, which sets forth the length of a term of imprisonment that can be imposed as a revocation sentence, and § 3583(h), which authorizes a court to impose a term of supervised release following a revocation sentence. The Act amended § 3583(e)(3) to provide that "a defendant whose term is revoked . . . may not be required to serve *on any such revocation* more than" the prison sentence that applies to the grade of the offense of conviction. The Court interpreted these revisions as authorizing imposition of the maximum term of imprisonment and reimposition of the maximum term of supervised release less the instant term revoked, applied anew to each revocation sentence. See also United States v. Lewis, 504 F. Supp.2d 708 (W.D. Mo. 2007), *aff'd*, 519 F.3d 822 (8th Cir. 2008); United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005); United States v. Tapia-Escalera, 356 F.3d 181, 188 (1st Cir. 2004)(*dicta*).

The Tenth Circuit recently ruled that a district court's authority to reimpose a term of supervised release is limited to the term of supervised release authorized under § 3583(b) less the aggregate of the instant and previous revocation imprisonment terms. United States v. Hernandez, ___ F.3d ___, 2011 WL 3673042 (10th Cir. 2011). Accordingly, the Court's authority to reimpose supervised release at defendant's third revocation was limited to the maximum term authorized under § 3583(b)(2), a term of 36 months, less 28 months for Count Two and 27 months for Count Three, the sum of all revocation imprisonment terms. The Court's sentence that included the reimposition of supervised release of 25 months per count was contrary to § 3583(h) and Hernandez, which permit a term of no more than 8 months for Count Two and 9 months for Count Three.

Based on equitable considerations and the statutory structure of § 3583(e)(1) and (2), the provisions authorizing modification of the term of supervised release, the Court corrects the sentence

imposed by reducing the length of supervised release.

**IT IS THEREFORE ORDERED** that the judgment (Dkt. # 102) is hereby modified to reduce terms of supervised release from a term of 25 months each for Counts Two and Three, to a term of 8 months for Count Two and 9 months for Count Three.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and shall remain the same as originally entered.

**SO ORDERED** this     day of September, 2011.

James H. Payne
United States District Judge
Northern District of Oklahoma

3